```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

THE UNITED STATES OF AMERICA, and
THE STATE OF WEST VIRGINIA
           Plaintiffs,

v.                                Civil Action No. 1:11-00647


CITY OF WELCH, WEST VIRGINIA,

       and

WELCH SANITARY BOARD

           Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court is the parties' joint motion to enter proposed consent decree, filed on November 30, 2011. (Doc. # 4). For reasons more fully expressed herein, the court **ADOPTS** and **ENTERS** the parties' proposed consent decree.

### I. Factual and Procedural History

This case involves claims brought by the Plaintiffs against the City of Welch, West Virginia and the Welch Sanitary Board (collectively the "City") for violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.,* in connection with Welch's operation of its municipal wastewater and sewer system. (Doc. # 1). The Plaintiffs in this case are the United States of America, by authority of the Attorney General of the United States, on behalf of the Administrator of the Environmental

1

Protection Agency ("EPA"), and the State of West Virginia ("State"), through the West Virginia Department of Environmental Protection ("WVDEP").  The Complaint was filed September 20, 2011, (Doc. # 1) and was brought pursuant to Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), and Section 22 of the West Virginia Water Control Act ("WPCA"), W.Va. Code § 22-11-22.  The Plaintiffs sought injunctive relief and assessment of penalties against the City of Welch, West Virginia, and the Welch Sanitary Board [collectively "Welch"] for the discharge of pollutants in violation of Section 301(a) of CWA and Sections 6 and 8 of the WPCA.  33 U.S.C. § 1311(a), W.Va. Code §§ 22-11-6 and 8.

The Plaintiffs assert that the Defendants have violated these sections by failing to meet the limitations and conditions contained in a National Pollutant and Discharge Elimination System ("NPDES") permit issued by the WVDEP under Section 402(a) of the CWA.  33 U.S.C. § 1342.  The Complaint alleged three claims which include: (1) failing to submit a Long Term Control Plan ("LTCP") as required by the 1994 Combined Sewer Overflow Policy, 59 Fed. Reg. 18688 ("1994 CSO Policy"); (2) violating its NPDES permit by failing to develop and implement Nine Minimum Controls ("NMCs"); and (3) violating its NPDES permit by exceeding the effluent limitations in its 2003 and 2008 National Pollutant Discharge Elimination System ("NPDES") permits for

2

discharges from the wastewater treatment plant. (Doc. ## 1, 5 at p. 3).

On September 21, 2011, Plaintiffs lodged with this court a proposed consent decree, resolving the claims brought in this lawsuit. (Doc. # 3). In accordance with 28 C.F.R. § 50.7, W. Va. Code § 47-10-16.2c and Section XXI of the consent decree, notice of the proposed consent decree was published October 14, 2011 in the Federal Register, 76 Fed. Reg. 63954, and in "Welch News," a newspaper published in Welch, West Virginia. The notice invited the public to comment on the proposed settlement within thirty days. The Plaintiffs did not receive any public comments on the proposed consent decree.

This Motion is unopposed: Defendants specifically consented to the entry of the Decree "without further notice." See Doc. # 3 at ¶ 86. Additionally, on November 22, 2011, counsel for Plaintiffs notified counsel for Defendants that this Motion was to be filed as an "unopposed" motion. The 30 day public comment period required by Section XXI of the proposed consent decree, 28 C.F.R. § 50.7, and W. Va. Code R. § 47-10-16.2c expired on November 14, 2011, and no comments were received.

II. Consent Decree Standard

A consent decree is "a negotiated agreement that is entered as a judgment of the court and thus has attributes of

3

both contracts and judicial decrees." Local 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 519 (1986); United States v. ITT Contintental Baking Co., 420 U.S. 223 (1975). Additionally, "[a] consent decree is also a continuing order, one having prospective effect." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82, (1994). Where "the parties agree to the Court's continuing jurisdiction to enforce the decree . . . a party aggrieved by the other's noncompliance may apply for an order to show cause why the noncompliant party should not be held in contempt." Id. (internal citations omitted).

The United States Court of Appeals for the Fourth Circuit has explained that when considering whether to enter a proposed consent decree, the general principle to be followed is that settlements are to be encouraged. United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999). "The presumption in favor of settlement is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency specially equipped, trained, or oriented in the field. EPA is such an agency." United States v. Cannons Eng'g Corp., 720 F. Supp. 1027, 1035 (D. Mass. 1989), aff'd, 899 F.2d 79 (1st Cir. 1990) (holding that the consent decree was fair and reasonable and should be approved) (internal citations and quotations omitted).

4

Yet, a district court should not blindly accept the terms of a proposed settlement. Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir. 1975). Instead, before entering a consent decree the court must satisfy itself that the agreement is "fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." United States v. Colorado, 937 F.2d 505, 509 (10th Cir. 1991).

### III. Analysis

The United States and the State submit that the proposed consent decree is fair, adequate, and reasonable because it was negotiated at arm's length and in good faith, the settlement addresses the allegations in the Complaint, and the settlement is consistent with the enforcement goals of the Clean Water Act.[1] The consent decree was vetted, examined, and agreed to by the Plaintiffs and the Defendants after review.

The proposed consent decree requires Defendants to: (1) implement injunctive measures through a LTCP to eliminate combined sewer overflows ("CSOs") by December 31, 2027 by completely separating its combined sewer collection system at an approximate cost of $16 - 23 million; (2) develop a plan to address effluent violations by the wastewater treatment plant;

---

[1] The Court notes that this case is closely connected to U.S. v. City of Welch, Civil Action No. 77-cv-00163, and notes that the parties have moved the court to terminate the prior orders entered in that casebetween the parties upon the entry of the new proposed consent decree. See Doc. # 77.

(3) develop a plan to implement the NMCs that mitigate the CSOs' effects; (4) pay the United States a civil penalty of $2,500; and (5) pay the State a civil penalty of $2,500. (Doc. # 3).

The court finds that the proposed consent decree is fair, adequate and reasonable. The settlement is fair, based on months of arm's length negotiations. The United States, the State, counsel for Welch, and engineers and representatives from the City government of Welch have engaged in numerous settlement discussions prior to the filing of the Complaint. See Doc. # 5, at pp. 4-5. Negotiations were based on information obtained by the EPA and WVDEP, which was shared with Welch during the settlement negotiations. Welch agreed to undertake compliance projects on an aggressive timeline to substantially reduce the discharge of pollutants, rather than undergo expensive and time-consuming litigation.

The United States asserts that the settlement is adequate and reasonable because the settlement is designed to penalize Welch "appropriately" for the violations of the CWA, and to serve as a deterrent to future similar conduct by Welch. (Doc. # 5, at pg. 5). Were the case to proceed to trial, the Plaintiffs would need to establish Welch's liability under Sections 301 of the Clean Water Act, 33 U.S.C. § 1311(a), and Section 8 of the WPCA, W. Va. Code § 22-11-8. If Welch was found liable, the court would then consider the following factors in

assessing a civil penalty: "the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty to the violator, and such other matters as justice may require." 33 U.S.C. § 1319(d).

Here, the civil penalty and injunctive relief reflected in the proposed consent decree are fair and reasonable in light of the factors cited above. The proposed consent decree requires that Welch pay civil penalties and completely separate its combined sewer collection system at an approximate cost of $16 – 23 million. The civil penalties address past violations of the CWA, while also deterring future violations. In addition, the settlement is reasonable because it requires a comprehensive injunctive relief program designed to substantially reduce and eliminate CSO discharges. Welch has undertaken several measures to help reduce discharge and to ensure compliance with the applicable regulations.

Finally, the settlement is not illegal or contrary to the public interest. On the contrary, the proposed consent decree seeks to achieve the goal of deterrence through a penalty that removes the economic benefit of noncompliance and reflects the gravity of the violation. The settlement comports with the goals of the CWA, which are to eliminate the discharge of pollutants

7

into navigable waters and to provide for water quality sufficient for "the protection and propagation of fish, shellfish, and wildlife and . . . recreation in and on the water." 33 U.S.C. § 1251(a) and (b).

## IV. Conclusion

Given the amount of time the two parties have conducted settlement negotiations, the fair, adequate and just agreement between the parties, the desirability of the proposed long-term solution, and as no person has opposed entry of the consent decree, the court **ORDERS** as follows:

1. That the proposed consent be entered with the court's approval on this same date; and
2. That the court retain jurisdiction pursuant to Section XXII of the proposed consent decree and any other provision contemplating the potential for future action by the court.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** on this 6th day of February, 2012.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge